# EXHIBIT A

Eric S. Olson (11939)
Lena Daggs (13666)
**CUTT, KENDELL & OLSON**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065
eolson@eckolaw.com
ldaggs@eckolaw.com

---

## BEFORE THE THIRD JUDICIAL DISTRICT COURT
### SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| LORNA DAVIS, individually, and JEFFREY DAVIS, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> SMITH'S FOOD AND DRUG CENTERS, INC.; and THE KROGER CO.; <br><br> Defendants. | **COMPLAINT** <br> **(Jury Demanded)** <br><br> (Third Tier) <br><br> Case No.: 220905026 <br><br> Judge: Su Chon |

Plaintiff, by and through counsel, hereby complains against the Defendants and for cause of action allege the following:

1. Plaintiff Lorna Davis resides in Salt Lake County, Utah.

2. Plaintiff Jeffrey Davis resides in Salt Lake County, Utah.

3. Defendant Smith's Food and Drug Centers, Inc. ("Smith's"), is an Ohio corporation that has grocery stores in Utah and maintains a place of business in Utah.

4.     Defendant Smith's Food and Drug Centers, Inc. owns or otherwise operates a store at approximately 5620 West 4100 South, West Valley City, Utah, where the subject incident occurred.

5.     Defendant The Kroger Company, is an Ohio corporation and the parent company of Defendant Smith's.

6.     The Kroger Company maintains a place of business in Salt Lake City, Utah.

7.     The parties identified in paragraphs 3-6 may collectively and/or individually be referred to as "Defendants" and/or "Smith's."

8.     Venue is proper before this Court pursuant to Utah Code Ann. § 78B-3-307, because the subject incident at issue in this lawsuit occurred in Salt Lake County, Utah.

9.     This Court has jurisdiction in this action pursuant to Utah Code Ann. § 78A-5-102.

## GENERAL ALLEGATIONS

10.    On May 1, 2021, Plaintiff Lorna Davis ("Mrs. Davis") was shopping at a Smith's store, located at 5620 West 4100 South, West Valley City, Utah, (hereinafter, "the Subject Smith's").

11.    At all times pertinent, Defendants owned, managed and or maintained the Subject Smith's.

12.    Mrs. Davis entered the Subject Smith's to shop and grabbed a shopping cart (hereinafter, "the Subject Shopping Cart") and proceeded to enter the store.

2

13. As she was walking, the Subject Shopping Cart wheels suddenly stopped and would not move.

14. The Subject Shopping Cart started vibrating and making a loud noise.

15. A Smith's employee came over and pointed a handheld device at the Subject Shopping Cart.

16. When the employee did so, Mrs. Davis felt a shock through her left hand continuing up her left arm that caused intense pain.

17. Mrs. Davis started feeling strange sensations and pain in both arms, chest and shoulders, shortness of breath, and light headedness.

18. Mrs. Davis reported being shocked or electrocuted by the Subject Shopping Cart to the Smith's employee.

19. Mrs. Davis made it to her car and called West Valley City Police to report the incident.

20. West Valley City Police and West Valley City Paramedics responded to the scene and evaluated Mrs. Davis.

21. Mrs. Davis was released by Paramedics and referred to see her primary care physician.

22. Mrs. Davis filled out an incident report for Smith's and gave it to the manager of the store and West Valley Police Officer.

23. Mrs. Davis went home and continued to experience pain, racing heart palpitations and problems breathing.

3

24.   Mrs. Davis presented to University Daybreak Clinic the next day for medical care and treatment.

25.   As a direct and proximate result of the incident described above, Lorna Davis sustained injuries, including, without limitation, traumatic nerve pain problems, swelling in her hands, complex regional pain syndrome, headaches and other related electrocution symptoms.

26.   As a direct and proximate result of the incident, Plaintiffs have sustained, and will continue to sustain, non-economic and economic damages, including, without limitation, pain and suffering, severe emotional distress and mental anguish, disfigurement, impairment, disability, loss of enjoyment of life, reasonable and necessary past and future medical expenses, past and future lost wages, lost earning capacity, loss of household services, and other economic and non-economic damages as the evidence may show at trial.

27.   At the time of the incident, Plaintiffs were legally married.

28.   As a result of the incident, Mr. Davis suffered a loss of consortium.

## FIRST CLAIM FOR RELIEF
*(Negligence - all Defendants)*

29.   Plaintiffs incorporate all previous allegations and further allege the following:

30.   Defendants market, advertise and sells groceries and merchandise to customers.

31.   Upon information and belief, Defendants owned, operated, maintained, and/or controlled the Subject Smith's where Plaintiff Mrs. Davis was injured.

4

32.     Upon information and belief, Defendants owned, operated, maintained, and/or controlled the Subject Shopping Cart that injured Lorna.

33.     Defendants, each of them, were aware that customers would utilize their shopping carts.

34.     Defendants, each of them, had a duty to exercise reasonable care with respect to the premises and its shopping carts, including the Subject Shopping Cart.

35.     Defendants, each of them, had a duty to perform routine and required inspections, service calls, and maintenance of the shopping carts, including the Subject Shopping Cart, and the anti-theft devices on them.

36.     Defendants, each of them, had a duty to properly operate and troubleshoot the shopping carts, including the Subject Shopping Cart, and the anti-theft devices on them.

37.     Defendants, each of them, had a duty to make sure the shopping carts, including the Subject Shopping Cart, was in good condition and did not pose a hazard to customers who were using them.

38.     Upon information and belief, Defendants were aware of the risks associated with using an anti-theft device on their shopping carts, including the Subject Shopping Cart.

39.     Defendants, each of them, breached their duty of care to Smith's patrons, including Plaintiff, in the following respects:

> a.     Failing to maintain the premises and the shopping carts, including the Subject Shopping Cart, in a safe condition;
>
> b.     Failing to perform maintenance and inspection to ensure safe and proper operating conditions of the shopping carts, including the Subject Shopping Cart, as a reasonable person would expect;

5

      c.      Failing to guard against and warn patrons of potentially hazardous equipment and conditions including the anti-theft device and other component parts of its shopping carts, including the Subject Shopping Cart;

      d.      Failing to ensure safe and proper operating conditions, as a reasonable person would expect.

      e.      Failing to inspect the Subject Shopping Cart and its anti-theft device for potentially hazardous equipment conditions including how to properly engage and disengage the shopping cart while in use by patrons;

      f.      Failing to operate and maintain the Subject Shopping Cart in safe and proper operating condition;

      g.      Failing to train, supervise, and/or improperly hiring those employees, agents, or entities who were charged with inspecting, maintaining, operating, and ensuring the safety and proper use of shopping carts;

      h.      Other actions or inactions that may later be revealed during discovery.

40.      Each of the foregoing breaches directly and proximately caused the injuries and damages set forth herein.

## SECOND CLAIM FOR RELIEF
### *(Premises Liability - all Defendants)*

41.      Plaintiffs incorporates all preceding paragraphs herein and further allege the following:

      a.   Defendants were a possessor of the premises and the shopping carts, including the Subject Shopping Cart.

      b.   Defendants knew of or by the exercise of reasonable care would have discovered the dangerous condition of the premises and the shopping carts, including the Subject Shopping Cart.

      c.   Defendants should have realized that the dangerous condition involved an unreasonable risk of harm to Plaintiff Lorna Davis.

    d.  Defendants should have expected that Plaintiff Lorna Davis would not discover or realize the dangerous condition of the premises or the Subject Shopping Cart or would fail to protect herself against the condition.

    e.  Defendants failed to exercise reasonable care to protect or warn Plaintiff Lorna Davis from the condition.

39.    Plaintiff Lorna Davis was an invitee on the premises.

40.    Defendants' failures were a direct and proximate cause of Plaintiff's injuries and damages.

## THIRD CLAIM FOR RELIEF
*(Vicarious Liability - all Defendants)*

41.    Plaintiffs incorporate all preceding paragraphs herein and further alleges the following:

42.    Defendants acted or failed to act through their employees and or agents.

43.    Defendants had the right to control said employees and or agents.

44.    As a result, Defendants are vicariously liable under respondeat superior.

## FOURTH CLAIM FOR RELIEF
*(Loss of Consortium -- All Defendants)*

42.    Plaintiffs incorporate all previous allegations and further allege the following:

43.    Plaintiffs were married at all times pertinent.

44.    Defendants' negligence caused "injury" to Lorna Davis, as that term is defined by Utah Code § 30-2-11.

45.    As a result of Mrs. Davis' injury, Jeffrey Davis suffered a loss of consortium.

46.    Mr. Davis is entitled to damages from Defendants pursuant to Utah Code § 30-2-11.

7

## PRAYER

WHEREFORE, Plaintiffs pray for a judgment against Defendants in an amount to be determined by the trier of fact for the following damages:

1.   For economic damages in an amount to be alleged and proven at trial;

2.   For non-economic damages in an amount to be alleged and proven at trial;

3.   For loss of consortium damages; and

4.   For any other further legal and/or equitable relief deemed just and proper by the court, including, without limitation, attorney fees, costs, pre- and post-judgment interest, and any other damages recoverable by law.

## TIER DESIGNATION

Pursuant to Utah Rules of Civil Procedure 8(a) and 26(c)(3), this matter falls under Tier 3 and should be permitted discovery pursuant to Tier 3.

## JURY DEMAND

Plaintiff demands a jury trial of all issues which may be tried to a jury.

DATED this 17th day of August, 2022.

CUTT, KENDELL, & OLSON

*/s/ Lena Daggs*

Eric S. Olson
Lena Daggs
Attorneys for Plaintiffs