IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LORNA DAVIS and JEFFREY DAVIS,<br><br>    Plaintiffs,<br><br>v.<br><br>SMITH'S FOOD AND DRUG CENTER, INC. and THE KROGER CO.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR REMAND<br><br>Case No. 2:22-cv-00675-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is plaintiffs Lorna and Jeffrey Davis's motion to remand this case to state court. ECF No. 12. The court GRANTS the motion.

## BACKGROUND

The Davises brought state-law claims against defendants Smith's Food and Drug Center, Inc. and The Kroger Co. (collectively, the defendants) in state court. The Davises did not specify the amount of their claimed damages in the complaint. But they did make the following assertion: "Pursuant to Utah Rules of Civil procedure 8(a) and 26(c)(3), this matter falls under Tier 3 and should be permitted discovery pursuant to Tier 3." The Davises served the defendants on August 18, 2022.

The Davises served their initial disclosures on September 21, 2022. In this document, the Davises claimed damages in the following amounts: past medical expenses of $25,629.37; unspecified future medical expenses, household services, and lost wages of approximately $526,836; and general damages of an amount not less than $1,000,000. The defendants removed the case to this court on October 21, 2022. They argued that this court has diversity jurisdiction because the Davises are citizens of Utah while the defendants are citizens of Ohio. Specifically,

the defendants alleged that Smith's Food is an Ohio corporation with its principal place of business in Ohio. The defendants also asserted that removal was timely because the first time that they ascertained that the $75,000 threshold for diversity jurisdiction had been satisfied was when they received the Davises' initial disclosures.

The Davises moved to remand the case to state court on two grounds. First, they argue that the Tier 3 allegation in the complaint provided adequate notice that they claimed damages in excess of $75,000 and that the notice of removal was, therefore, filed after the 30-day deadline. Second, the Davises argue that the defendants have not satisfied the complete diversity requirement for jurisdiction because they have not shown that Smith's Foods has its principal place of business in Ohio rather than Utah.

## ANALYSIS

### I.  TIMELINESS OF THE NOTICE OF REMOVAL

A notice of removal normally must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1). But

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3) (emphasis added). If a case as pled is not removable because the amount in controversy requirement has not been met by the allegations of the complaint, any subsequently revealed information regarding the amount in controversy "shall be treated as an 'other paper' under subsection (b)(3)." *Id.* § 1446(c)(3)(A).

The defendants filed their notice of removal more than 30 days after they received service of the complaint. They argue, nevertheless, that removal was timely under § 1446 because (1) the allegations of the complaint did not reveal sufficient information to show that the Davises claimed more than $75,000 in damages and (2) the first time that the defendants were able to ascertain that the amount-in-controversy requirement had been satisfied was when the Davises served their initial disclosures. The Davises, on the other hand, contend that removal was not timely because their allegation that the case falls under Tier 3 pursuant to the Utah Rules of Civil Procedure adequately notified the defendants that they claimed more than $75,000 in damages. The court agrees with the Davises.

Under Rule 8(a) of the Utah Rules of Civil Procedure, "[a] party who claims damages but does not plead an amount must plead that the damages are such as to qualify for a specified tier defined by Rule 26(c)(3)." Rule 26(c)(3), in turn, states that "[a]ctions claiming $300,000 or more in damages are permitted standard discovery as described for Tier 3." Thus, Utah's civil rules explicitly permit plaintiffs to plead the appropriate discovery tier rather than a specific amount of damages. And pleading that an action qualifies as a Tier 3 case is equivalent to asserting $300,000 or more in damages—well in excess of the $75,000 cutoff for diversity jurisdiction described in 28 U.S.C. § 1332(a). Accordingly, the allegations of the complaint were sufficient to notify the defendants that the action was removable because the Davises alleged more than $300,000 in damages. *See State Auto Ins. Companies v. Christensen*, No. 2:19-cv-00751-DBB, 2020 WL 956894, at *3 (D. Utah Feb. 27, 2020) (finding that a complaint adequately pled damages in excess of $75,000 because "although [the plaintiff's] complaint does not explicitly state the total amount of damages she claims, she does state that her case 'falls within Tier 3 of Rule 26(c)(3) of the Utah Rules of Civil Procedure.'"). Because the defendants

3

did not file their notice of removal within 30 days of receiving service of the complaint, removal was untimely, and remand is required. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." (citation omitted)).

## II.     THE CITIZENSHIP OF SMITH'S FOOD

"In order to invoke diversity jurisdiction, 'a party must show that complete diversity of citizenship exists between the adverse parties . . . .'" *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). The Davises are citizens of Utah. Thus, if either defendant is a citizen of Utah, the court does not have jurisdiction to hear this case. Corporations, such as Smith's Foods, are citizens of both the state where they are incorporated and the state where their principal place of business is located. 28 U.S.C. § 1332(c)(1). Smith's Foods is incorporated in Ohio. But the parties dispute the company's principal place of business. The Davises contend that the principal place of business is located in Utah, where Smith's Foods has a corporate office, while the defendants assert that it is in Ohio.

In order to determine the principal place of business of a corporation, courts apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 95–96 (2010). The nerve center is located at "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92–93.

> At its heart, the nerve center test is an inquiry to find the one location from which a corporation is ultimately controlled. Put slightly differently, the federal court is to look for the place where the buck stops. And where it does, well, that's the corporation's nerve center and principal place of business.

*Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41 (1st Cir. 2016). The burden of persuading the court that diversity jurisdiction exists rests with the party asserting it. *Hertz*, 559 U.S. at 96. As the parties asserting jurisdiction in this case, the defendants must support their claim regarding the location of the nerve center of Smith's Food with "competent proof." *Id.* at 96–97.

The evidence that the defendants rely on to support diversity jurisdiction consists of the affidavit of a paralegal employed by Kroger—a codefendant and the parent company of Smith's Food. The affidavit cites three main reasons why the court should find that the principal place of business of Smith's Foods is located in Ohio. First the Affidavit claims that both the Utah Division of Corporations and Smith's Foods' annual report lists it address as being located in Cincinnati, Ohio. But the Supreme Court has explicitly rejected the notion that listing an address with a government agency is sufficient to prove the location of a corporation's nerve center. *Id.* at 97 ("[W]e reject suggestions such as, for example, the one made by petitioner that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's "principal executive offices" would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). Similarly, an address listed on an annual report reveals little regarding the location where key decisions are made and would allow the corporation to easily manipulate the test for jurisdiction. *See Id.* (reasoning that deferring to addresses listed on forms filed with the government "would readily permit jurisdictional manipulation").

Second, the affidavit asserts that Kroger, which is headquartered in Cincinnati, Ohio, is the parent company of Smith's Foods and that Kroger operates Smith's as one of its "divisions" in its nationwide operations. The affidavit further alleges:

> Over the last several years, Kroger has worked to centralize certain key aspects of decision-making in Cincinnati, Ohio. As part of this centralization effort, Kroger now handles many key corporate

5

> functions related to corporate governance, legal matters, accounting, technology, insurance, claims, litigation, real estate transactions, and general corporate strategy centrally, rather than at the division level.

But these functions, which are handled at least in part in Ohio, are merely ancillary to the core business of Smith's Foods. It is not in the business of handling legal matters, maintaining accounting records, or procuring insurance. Smith's Foods earns its money by operating a chain of grocery stores throughout the intermountain west. The affidavit notably makes no mention of where decisions concerning the operation of these stores are made. Absent any evidence concerning where executives decide who would manage the stores and who would occupy upper-level administrative positions, what would be stocked on the shelves and for what price, and how and when to procure product for the stores; the court finds that the cursory assertions found in the affidavit are not sufficient to prove that the nerve center of Smith's Foods is located in Ohio rather than Utah.

Third, the affidavit asserts that while some of Smith's Foods' registered principals are located in Salt Lake City, Utah, a majority are located in Cincinnati, Ohio. Although this statement appears to be true, it does not capture the full picture of the company's corporate governance. The President of Smith's Foods, as well as a vice president and the company's registered agent, are all located in Salt Lake City. A number of lower-ranking officers, including two vice presidents, two treasurers, and three secretaries, are located in Cincinnati. Although there are more registered principals in Ohio, the highest-ranking officer of the corporation is located in Utah. The court presumes that "the buck stops" at the President of Smith's Foods in Utah. *See Harrison*, 811 F.3d at 41.

In short, the defendants have not carried their burden of proving that Smith's Foods is principally directed, controlled, and coordinated in Ohio rather than Utah. Because the defendants have not shown that Smith's Foods is not a citizen of Utah, the court lacks subject matter jurisdiction over this action.

## CONCLUSION

The court finds that the defendants have not complied with the statutory requirements for removal and that they have not met their burden of proving that this court has diversity jurisdiction to hear this case. Accordingly, the court grants the motion to remand the action to state court.

DATED July 26, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge